```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


HIEP NGO,                          §
                                   §
                                   §
VS.                                §  CIVIL ACTION NO.4:13-CV-138-Y
                                   §
J.C. HOLLAND, Warden,              §
USP-McCreary, and                  §
GREG ABBOTT, Attorney General,     §
State of Texas,                    §
Institutions Division,             §
     Respondents.                  §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS and
          ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Hiep Ngo, along with the October 25, 2013 findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until November 15, 2013, to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed with prejudice, in part, and denied, in part.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Hiep Ngo's grounds for relief in the petition under § 2254 one and four, that (1) he was refused proper access to state law books and denied meaningful access to the courts to obtain post-conviction relief and (4) the trial court did not have

jurisdiction to place him on trial due to a violation of the Interstate Detainer Act, are DISMISSED WITH PREJUDICE as unexhausted and procedurally barred; and Ngo's grounds for relief under § 2254 two and three, that (2) his right to a speedy trial was violated and his trial counsel was ineffective for failing to assert this right and (3) his trial counsel was ineffective by failing to properly cross-examine the state's witnesses, are DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[1] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[2] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[4]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Hiep Ngo has made a

---

[1] *See* Fed. R. App. P. 22(b).

[2] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[3] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[4] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the October 25, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[5]

Therefore, a certificate of appealability should not issue.

SIGNED December 4, 2013.

                                             TERRY R. MEANS
                                             UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).